## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| DIANA TORRES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| LIFE INSURANCE COMPANY OF | ) |
| NORTH AMERICA, | ) |
| | ) |
|     Defendant. | |

### NOTICE OF REMOVAL

Defendant Life Insurance Company of North America ("LINA") removes this action from the Second Judicial District Court, Bernalillo County, to the United States District Court for the District of New Mexico. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

### I.    Introduction.

In her Complaint, Plaintiff Diana Torres seeks long-term disability ("LTD") benefits under a group long-term disability insurance policy issued by LINA.  (Compl. ¶¶ 3-5.)

Plaintiff alleges claims for bad faith (Compl. ¶¶ 9-12), breach of contract (Compl. ¶¶ 13-16), breach of the duty of good faith and fair dealing (Compl. ¶¶ 17-20), violation of the Unfair Trade Practices Act (Compl. ¶¶ 21-24), and specific performance and declaratory judgment (Compl. ¶¶ 25-27).  Plaintiff also seeks punitive damages. (Compl. ¶¶ 28-29.)

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists because the properly joined parties are diverse and all of the information, viewed together, presents a "plausible allegation" that the amount in controversy exceeds $75,000.  *See Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S. Ct. 547, 554 (2014).

## II.     This Court Has Jurisdiction Under 28 U.S.C. § 1332.

### A.     There Is Diversity Of Citizenship.

#### i.     Plaintiff is a Citizen of New Mexico.

Plaintiff alleges she resides in New Mexico.  (Ex. A, Compl. ¶ 1.) On information and belief, Plaintiff is a citizen of New Mexico.

#### ii.     Life Insurance Company of North America is A Citizen of Pennsylvania.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-92 (2010).  LINA is a Pennsylvania corporation with its principal place of business in Pennsylvania.  LINA's principal place of business is in Pennsylvania because that is where LINA maintains its principal executive offices and "nerve center," where its high level officers direct, control and coordinate the corporation's activities.  *Friend*, 559 U.S. at 80.

## III.   The Amount In Controversy Exceeds $75,000. [1]

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000, and does not need to provide evidence supporting that allegation.  *Dart*, 135 S. Ct. at 554.

Here, Torres alleges she is entitled to LTD benefits under a policy issued by LINA to her former employer. At the time her benefit was terminated, Torres's monthly disability benefit was $580.  Torres's LTD benefits were terminated effective January 7, 2017.  (Ex. B, Lodi Decl. ¶ 5.)  Assuming Torres is claiming back benefits of $580 per month from the date of termination to the present, as of November 9, 2017, Torres is claiming a potential of $5,815.89 in back benefits.  (Ex. B, Lodi Decl. ¶ 6.)  Under the policy, Torres is eligible for LTD benefits through age 65 (provided she otherwise meets the policy's requirements for benefits).  Assuming Torres is claiming future benefits through the maximum benefit period, Torres's potential claim for future benefits through

---

[1] In outlining the amount Torres has placed in controversy, LINA neither concedes Torres is entitled to any relief nor waives any right to contest the amount of her claimed damages.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover.  Rather it is an estimate of the amount that will be put at issue in the course of the litigation.").  LINA expressly denies liability and reserves its right to assert all defenses to Torres's substantive claims, as well as to contest the amount of Torres's alleged damages and her claim for attorneys' fees and costs.

age 65 (using a 3.61% discount rate) is $27,964.48.  (Ex. B, Lodi Decl. ¶ 8.)

Accordingly, Torres has placed $33,780.37 in contract benefits at issue.

With $33,780.37 in claimed contract damages, the amount in controversy easily

exceeds $75,000 when you add in Torres's claims for punitive damages and attorneys'

fees.  "A claim for punitive damages may be included in the jurisdictional amount to the

extent of recovery that New Mexico punitive-damage law allows."  *See Walker v. THI of*

*N.M. at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1327 (D.N.M. 2011).  Under New Mexico

law, punitive damage awards can reach a ratio of 7.4 to 1 with compensatory damages

where there has been a finding of bad faith.  *Allsup's Convenience Stores, Inc. v. N. River*

*Ins. Co.*, 976 P.2d 1, 19 (N.M. 1998); *see also Muncey v. Eyeglass World, LLC*, 289 P.3d

1255 (2012) (punitive damages awarded at a ratio of 6.6:1 ratio).[2]  Accordingly, by

seeking punitive damages Torres has placed "in controversy" up to an additional

$249,974.74.

---

[2] Moreover, New Mexico juries frequently award punitive damages in a greater than 1-to-1 ratio with compensatory damages.  *See Progressive Cas. Ins. Co. v. Vigil*, 345 P.3d 1096 (N.M. Ct. App. 2015) ($37,000 compensatory and $11.7 million punitive), *certiorari granted*; *Am. Nat. Property & Cas. Co. v. Cleveland*, 293 P.3d 954 (N.M. Ct. App. 2012) ($20,000 compensatory and $50,000 punitive); *O'Neel v. USAA Ins. Co.*, 41 P.3d 356 (N.M. Ct. App. 2002) ($2,500 in compensatory and $20,000 in punitives); *Spurlock v. Townes*, No. 1:09-cv-00786, 2012 WL 12860564, at * 1 (D.N.M. May 9, 2012) ($100,000 in compensatory and $1,000,000 in punitives for two plaintiffs and $125,000 in compensatory and $1,000,000 in punitives for the third plaintiff), *affirmed, vacate, and reversed in part on other grounds*, 2016 WL 4743781 (10th Cir. Sept. 12, 2016); *Sowards v. Biotronik, Inc.*, New Mexico District Court, Third Judicial District, Case No. D-307-cv-2009-02563 ($2,323,673 in compensatory and $65,000,000 in punitives); *Beaudry v. Farmers Group, Inc.*, New Mexico District Court, First Judicial District, Case No. D-101-CV-2011-00646 ($1,000,000 in compensatory and $2,500,000 in punitive damages – trial court refused to remit punitive damage award); *Udy v. Standard E&S LLC*, New Mexico District Court, First Judicial District, Case No. D-101-CV-2011-00751 ($8,000,000 compensatory and $47,000,000 punitive).

Torres also seeks to recover attorneys' fees.  "Attorney's fees can be included in the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of attorneys' fees."  *Zozaya v. Standard Ins. Co.*, No., 2015 WL 11118066, at \*4 (D.N.M. Jan. 26, 2015).  One such basis is the New Mexico Unfair Practices Act, which allows the Court to award attorneys' fees "to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails."  NMSA 1978 § 57-12-10(C).  Count IV purports to allege a claim under the New Mexico Unfair Practices Act.  Accordingly, Torres's claimed attorneys' fees may be considered in calculating the amount in controversy.  Attorneys handling cases involving insurance benefits disputes typically charge 33% to 45% contingent fees, and these cases usually generate over $150,000 in attorneys' fees. (See Ex. C, Declaration of Kristina N. Holmstrom at ¶ 2.)

LINA has thus stated a "plausible allegation" that the amount in controversy exceeds the jurisdictional minimum.  *Dart Cherokee*, 135 S. Ct. at 554.

## IV.    <u>This Removal is Timely.</u>

1.      Torres filed this action in the Second Judicial District Court, Bernalillo County on August 7, 2017.

2.      LINA accepted service of the Summons and Complaint on October 11, 2017.

3.      As this Notice of Removal is being filed on November 9, 2017, the removal is timely.  *See* 28 U.S.C. § 1446(b).

**V.      LINA Has Met All Other Requirements For Removal.**

1.      This Court has diversity jurisdiction under 28 U.S.C. § 1332.

2.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

3.      LINA has attached to this Notice copies of all process, pleadings and orders filed with the State Court prior to the filing of this Notice of Removal.  (*See* Ex. D, State Court Filings.)

4.      LINA has also concurrently filed a copy of this Notice in the Second Judicial District Court, Bernalillo County.

5.      LINA has served a copy of this Notice upon Plaintiff's counsel.

6.      LINA accordingly requests that the Court accept this Notice of Removal and assume jurisdiction in this case.

DATED this 9th day of November, 2017.

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.


By:    /s/ Kristina N. Holmstrom
       Kristina N. Holmstrom
       2415 East Camelback Road, Suite 800
       Phoenix, Arizona 85016

       *Attorneys for Life Insurance Company of North America*

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2017, I electronically transmitted the

attached document to the Clerk's Office using the CM/ECF Systems for filing and transmittal of

a Notice of Electronic Filing to the following CM/ECF registrant:

Richard R. Marquez
1121 4th Street, N.W., Suite 1-A
Albuquerque, NM  87102
*Attorneys for Plaintiff*


s/ Hope L. Hendricks
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.


31809394.1